AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
OCT 27 2023
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| DEVON DRAKE | ) Case No. 5:23-mj-621 (TWD) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of September 1, 2022 in the county of Onondaga in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(A) | Possession with intent to distribute a controlled substance |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

_____
*Complainant's signature*
Brandon Geer, DEA Task Force Officer
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: Oct. 27, 2023

_____
*Judge's signature*

City and State:    Syracuse, NY

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brandon T. Geer, being duly sworn, depose and state:

## I.   INTRODUCTION

1.      I am a Deportation Officer with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE). I have been so employed with ICE since November 2017. Previous to my employment with ICE, I was employed as a Border Patrol Agent with the United States Border Patrol from May 2014 until November 2017. I am currently assigned to the United States Department of Justice, Drug Enforcement Administration (DEA) Syracuse Resident Office as a Task Force Officer. I have been a sworn member of the DEA Syracuse Resident Office Task Force since October 2020. As such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516.

2.      I have participated in several multi-agency narcotics investigations. During the course of these investigations, I have conducted or participated in surveillance, undercover transactions, execution of search warrants, debriefings of informants and reviews of tape-recorded conversations and narcotics records. I have participated in numerous searches of residences, businesses and vehicles in which controlled substances, drug paraphernalia, currency, and records were discovered. My experience as well as conversations with other law enforcement officers, as detailed herein, will serve as the basis for any opinions or conclusions set forth below.

3.      I have personally participated in the investigation of the offenses set forth below

1

and as a result of my participation and my review of past and present reports made by other Special Agents of the DEA, and other state and local law enforcement agencies, I am fully familiar with the facts and circumstances of this investigation. My experience as well as conversations with other law enforcement officers, as detailed herein, will serve as the basis for any opinions or conclusions set forth below.

4.      This affidavit is made in support of a criminal complaint charging Devon DRAKE ("**DRAKE**") with possession with the intent to distribute a controlled substance, to wit, Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A). The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement officers, and on my training and experience.  As this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that **DRAKE** possessed with intent to distribute Methamphetamine.

## II.      BASIS OF INFORMATION

5.      In the Summer of 2022, local law enforcement received information from a Confidential Source (CS-1),[1] regarding the drug trafficking activites of **DRAKE**. That information was referred to the DEA and the DEA opened a federal investigation into **DRAKE**. CS-1 reported that prior to his/her cooperation with law enforcement, he/she had purchased illegal drugs from **DRAKE** on multiple occasions, including crystal methamphetamine.  CS-1 reported **DRAKE**

---

[1] CS-1 is a convicted felon. CS-1's criminal history includes multiple felony and misdemeanor convictions for larceny, motor vehicle, property, drug, DWI, and domestic violence related offenses. CS-1 was encountered by local law enforcement during a drug-related investigation and subsequently agreed to cooperate with law enforcement in exchange for consideration on his drug related state charges. Information provided by CS-1 proved to be truthful and accurate.

drives a Black GMC Terrain, and CS-1 had previously met **DRAKE** at a location on Park Avenue in Syracuse, New York.

6.     On September 1, 2022, agents met with CS-1 for the purpose of conducting a controlled purchase of methamphetamine from **DRAKE**. Agents searched CS-1 for drugs, money, and/or contraband, and did not find any. At the direction of agents, CS-1 contacted **DRAKE**, via phone/text message, in the presence of agents. During the call, **DRAKE** agreed to sell CS-1 approximatley four ounces of crystal methamphetamine and told CS-1 to meet him on Park Avenue in Syracuse.

7.     Agents provided CS-1 with DEA Officially Advanced Funds (OAF) and electronic monitoring/recording devices. Around this same time, via camera surveillance, agents observed **DRAKE** exiting a residence on Park Avenue in Syracuse (the Park Avenue Residence), and entering a Black GMC Terrain parked in front of the residence. Agents transported CS-1 to the area of the meeting location, where CS-1 exited the vehicle and walked a short way on foot, to the Park Avenue Residence, under constant surveillance by agents (both physical surveillance and electronic/camera surveillance). As CS-1 approached the area of the Park Avenue Residence, agents observed **DRAKE** seated, alone, inside of the Black GMC Terrain. Agents observed CS-1 enter the passenger side of the Black GMC Terrain. A short time later, agents observed CS-1 exit the Black GMC Terrain, and walk back directly to the waiting law enforcement vehicle, under constant surveillance. Throughout this meeting, CS-1 met with no person other than **DRAKE**.

8.     Agents transported CS-1 back to a secure meeting location. CS-1 turned over a plastic bag containing a crystal substance, a "bundle"[2] of stamped glasseines containing powder,

---

[2] From my training and experience, I know stamped glassines to be the predominant local stret level packagaing used in the illegal sale of Fentanyl. These glassines are typically sold in 'bundles.'

and the electronic monitoring/recording devices, to agents. Agents searched CS-1 for drugs, money and/or contraband, and did not locate any. CS-1 identified **DRAKE** (by name and photo), as the person with whom he/she met in the Black GMC Terrain, and who sold him/her the plastic bag of crystal substance in exchange for DEA OAF. CS-1 stated that he/she entered the Black GMC Terrain, where **DRAKE** was seated, alone, and provided **DRAKE** with the OAF. CS-1 stated that **DRAKE** provided CS-1 with a plastic bag of crystal substance, believed to be crystal methamphetamine, in exchange for the OAF. CS-1 stated that **DRAKE** also provided him/her with a "bundle" of stamped glasseines, believed to be Fentanyl, as an apparent free sample.

9.      Following the controlled purchase, agents transported the plastic bag containing crystal substance to the DEA Syracuse Resident Office, where it was processed into evidence, and submiteed to the DEA Northeast Laboratory (NEL) for laboratory testing and safekeeping.

10.     Agents later received a latoratory report from the NEL, indicating the plastic bag containing crystal substance did in fact contain approximately 107.9 Grams of Methamphetamine Hydrochloride, with a purity of 97% (+/- 6%), resulting in 104.6 grams of pure Methamphetamine Hydrochloride (+/- 6.5 grams).

11.     Agents conducted a field test on the 'bundle' of stamped glasseines, which field tested positive for the presence of Fentanyl. Full laboratory testing is still pending.

III.    **CONCLUSION**

12.     The foregoing establishes probable cause to believe that  possessed with intent to distribute a controlled substance, to wit, Methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). I respectfully request that the Court authorize the filing of this complaint so that the defendant may be charged and brought to Court for further proceedings in accordance with the law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF
RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Brandon T. Geer
Task Force Officer
Drug Enforcement Administration

I, the Honorable Thérèse Wiley Dancks U.S. Magistrate Judge, hereby acknowledge that this
affidavit was attested by the affiant by telephone on the 27th day of October, 2023 in accordance
with Rule 4.1 of the Federal Rules of Criminal Procedure.

Honorable Thérèse Wiley Dancks U.S. Magistrate Judge

5